```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED
```

**JUN 16 2016**

```
                AT SEATTLE
       CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEVONTEA ROSEMON, and

BOBBY COLLINS,

Defendants.

NO. MJ16 - 270

COMPLAINT FOR VIOLATIONS

BEFORE, United States Magistrate Judge, James P. Donohue, Seattle, Washington.

The undersigned complainant, Deborah Cain, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn states:

## COUNT 1

### *(Conspiracy to Distribute Cocaine)*

Beginning in or before January 2016, and continuing through June 17, 2016, within the Western District of Washington, and elsewhere, DEVONTEA ROSEMON, BOBBY COLLINS, and others known and unknown, did knowingly and intentionally conspire to distribute cocaine, a substance controlled under Title 21, United States Code,

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Section 812, Schedule II, contrary to the provisions of Title 21, United States Code,

2  Section 841(a)(1) and (b)(1)(C).

3      All in violation of Title 21, United States Code, Section 846.

4  ## COUNT 2

5  ### *(Distribution of Cocaine)*

6      On or about January 14, 2016, at Seattle, within the Western District of

7  Washington, DEVONTEA ROSEMON and BOBBY COLLINS did knowingly and

8  intentionally distribute cocaine, a substance controlled under Title 21, United States

9  Code, Section 812, Schedule II.

10      All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C),

11  and Title 18, United States Code, Section 2.

12  ## COUNT 3

13  ### *(Distribution of Cocaine)*

14      On or about January 15, 2016, at Seattle, within the Western District of

15  Washington, DEVONTEA ROSEMON and BOBBY COLLINS did knowingly and

16  intentionally distribute cocaine, a substance controlled under Title 21, United States

17  Code, Section 812, Schedule II.

18      All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C),

19  and Title 18, United States Code, Section 2.

20  ## COUNT 4

21  ### *(Distribution of Cocaine)*

22      On or about March 1, 2016, at Seattle, within the Western District of Washington,

23  DEVONTEA ROSEMON and BOBBY COLLINS did knowingly and intentionally

24  distribute cocaine, a substance controlled under Title 21, United States Code, Section

25  812, Schedule II.

26      All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C),

27  and Title 18, United States Code, Section 2.

28

COMPLAINT - 2

## COUNT 5

### *(Unlawful Possession of a Firearm)*

On or about March 1, 2016, at Seattle, within the Western District of Washington, DEVONTEA ROSEMON, having been convicted of the following crimes punishable by imprisonment for a term exceeding one year, to wit:

      a. *Robbery in the First Degree,* under cause number 09-1-03500-4, in King County Superior Court, Washington, on or about October 13, 2009; and

      b. *Robbery in the First Degree,* under cause number 09-1-05630-3, in King County Superior Court, Washington, on or about October 13, 2009;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Rossi, Model M685, .38 Special revolver, S/N: D870410, which had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 6

### *(Distribution of Cocaine)*

On or about March 4, 2016, at Seattle, within the Western District of Washington, DEVONTEA ROSEMON and BOBBY COLLINS did knowingly and intentionally distribute cocaine, a substance controlled under Title 21, United States Code, Section 812, Schedule II.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 7

### *(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

On or about March 4, 2016, at Seattle, within the Western District of Washington, DEVONTEA ROSEMON knowingly possessed a firearm, that is, a Ruger 9x19mm SR9C pistol, S/N: 33352378, in furtherance of a drug trafficking crime, that is, Distribution of Cocaine, as charged in Count 6 above.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

2   **COUNT 8**

3   *(Unlawful Possession of a Firearm)*

4   On or about March 4, 2016, at Seattle, within the Western District of Washington,

5   DEVONTEA ROSEMON, having been convicted of the following crimes punishable by

6   imprisonment for a term exceeding one year, to wit:

7      a.   *Robbery in the First Degree,* under cause number 09-1-03500-4,
          in King County Superior Court, Washington, on or about October
8          13, 2009; and

9      b.   *Robbery in the First Degree,* under cause number 09-1-05630-3,
          in King County Superior Court, Washington, on or about October
10         13, 2009;

11

12   did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that

13   is, a Ruger 9x19mm SR9C pistol, S/N: 33352378, which had been shipped and

14   transported in interstate and foreign commerce.

15   All in violation of Title 18, United States Code, Section 922(g)(1).

16   **COUNT 9**

17   *(Unlawful Possession of Firearms)*

18   On or about March 16, 2016, at Seattle, within the Western District of

19   Washington, DEVONTEA ROSEMON, having been convicted of the following crimes

20   punishable by imprisonment for a term exceeding one year, to wit:

21     a.   *Robbery in the First Degree,* under cause number 09-1-03500-4,
          in King County Superior Court, Washington, on or about October
22         13, 2009; and

23

24     b.   *Robbery in the First Degree,* under cause number 09-1-05630-3,
          in King County Superior Court, Washington, on or about October
25         13, 2009;

26   did knowingly possess, in and affecting interstate and foreign commerce, firearms, that is,

27   a Ruger 9x19mm SR9C pistol, S/N: 33352378, and a Century Arms International

28

COMPLAINT - 4

7.62x39 caliber rifle, S/N:B721054, both of which had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 10

### *(Unlawful Possession of a Firearm)*

On or about March 23, 2016, at Seattle, within the Western District of Washington, DEVONTEA ROSEMON, having been convicted of the following crimes punishable by imprisonment for a term exceeding one year, to wit:

      a.  *Robbery in the First Degree,* under cause number 09-1-03500-4, in King County Superior Court, Washington, on or about October 13, 2009; and

      b.  *Robbery in the First Degree,* under cause number 09-1-05630-3, in King County Superior Court, Washington, on or about October 13, 2009;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Smith & Wesson, Model SW40VE, .40 caliber pistol, S/N: PDK3567, which had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 11

### *(Unlawful Possession of a Firearm)*

On or about March 31, 2016, at Seattle, within the Western District of Washington, DEVONTEA ROSEMON, having been convicted of the following crimes punishable by imprisonment for a term exceeding one year, to wit:

      a.  *Robbery in the First Degree,* under cause number 09-1-03500-4, in King County Superior Court, Washington, on or about October 13, 2009; and

      b.  *Robbery in the First Degree,* under cause number 09-1-05630-3, in King County Superior Court, Washington, on or about October 13, 2009;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that

2  is, a Walther PPK, .380 caliber pistol, S/N: 7901BAP, which had been shipped and

3  transported in interstate and foreign commerce.

4       All in violation of Title 18, United States Code, Section 922(g)(1).

5  **COUNT 12**

6  ***(Unlawful Possession of Firearms)***

7       On or about April 7, 2016, at Seattle, within the Western District of Washington,

8  DEVONTEA ROSEMON, having been convicted of the following crimes punishable by

9  imprisonment for a term exceeding one year, to wit:

10       a.  *Robbery in the First Degree,* under cause number 09-1-03500-4,
11          in King County Superior Court, Washington, on or about October
        13, 2009; and

12
13       b.  *Robbery in the First Degree,* under cause number 09-1-05630-3,
        in King County Superior Court, Washington, on or about October
14          13, 2009;

15  did knowingly possess, in and affecting interstate and foreign commerce, firearms, that is,

16  a Sig Sauer SP2022 9x19mm pistol, S/N: SP0169060, and a Canik55 TP9 9x19mm

17  pistol, S/N: 13AI12479, both of which had been shipped and transported in interstate and

18  foreign commerce.

19       All in violation of Title 18, United States Code, Section 922(g)(1).

20  **COUNT 13**

21  ***(Unlawful Possession of Firearms)***

22       On or about June 7, 2016, at Seattle, within the Western District of Washington,

23  DEVONTEA ROSEMON, having been convicted of the following crimes punishable by

24  imprisonment for a term exceeding one year, to wit:

25       a.  *Robbery in the First Degree,* under cause number 09-1-03500-4,
26          in King County Superior Court, Washington, on or about October
        13, 2009; and

27

28

COMPLAINT - 6

      b. *Robbery in the First Degree,* under cause number 09-1-05630-3,
in King County Superior Court, Washington, on or about October
13, 2009;

did knowingly possess, in and affecting interstate and foreign commerce, firearms, that is,

a Zastava Model PAP M92 PV .762 caliber pistol, S/N: M92PV023610, and a Springfield

Armory .45 caliber pistol, Model 1911A1, S/N: WW51955, both of which had been

shipped and transported in interstate and foreign commerce.

      All in violation of Title 18, United States Code, Section 922(g)(1).

      And the complainant further states:

## INTRODUCTION

      The affiant, Special Agent Deborah Cain, is an investigative or law enforcement

officer of the United States, within the meaning of Section 2510(7) of Title 18, United

States Code. I am a duly sworn member of the Bureau of Alcohol, Tobacco, Firearms

and Explosives (ATF), currently assigned to the Seattle Field Division. I have been in

law enforcement for ten years and eleven months. I have been employed as a Special

Agent since October 2009. Prior to this, I was employed as a police officer for the city

of Nampa, Idaho, from July 2005 to October 2009. I completed the ten-week Criminal

Investigator Training Program and a fourteen-week Special Agent Basic Training

(SABT) at the ATF National Academy, Federal Law Enforcement Training Center

(FLETC), Glynco, Georgia. I also completed a ten-week Idaho Peace Officer Standards

and Training (P.O.S.T.) Academy while employed by Nampa Police Department.

      I am responsible for investigations involving specified unlawful activities, to

include violent crimes involving firearms that occur in the Western District of

Washington. I am also responsible for enforcing federal firearms and explosives laws,

and unlawful activities, to include narcotics trafficking and money laundering, among

other violations, occurring in the Western District of Washington. I received training on

the proper investigative techniques for these violations, including the identification of

firearms and location of the firearms' manufacture. I have actively participated in

investigations of criminal activity, including but not limited to, the investigation of

COMPLAINT - 7

armed drug traffickers and money launderers.  During these investigations, I have also participated in the execution of search warrants and the seizure of evidence of firearms, narcotics trafficking and money laundering violations.  As an agent of ATF, I have testified under oath, affirmed to applications of search and arrest warrants, and participated in and been an affiant on Title III wire intercept investigations.  As a Special Agent of ATF, I have personally conducted, and participated in, investigations that have resulted in the arrest and conviction of numerous individuals responsible for trafficking in narcotics while armed.

I have significant experience investigating the illegal possession and trafficking of firearms and controlled substances as a violation of state and/or federal law.  I have participated in numerous firearms and narcotics investigations conducted by ATF, Drug Enforcement Administration (DEA), Homeland Security Investigations, United States Postal Inspection Service, Federal Bureau of Investigation (FBI) and other law enforcement agencies.  I have acted as the primary case agent on numerous investigations involving the illegal possession and trafficking of firearms and narcotics, which have resulted in the arrest of numerous subjects, indictments of these subjects by state and/or federal grand juries on firearm and other charges, the seizure of firearms, the seizure of property and assets, and the seizure of controlled substances.  I also have extensive experience in debriefing defendants, participants, and various persons with direct experience and knowledge regarding the methods used to distribute firearms and controlled substances.

The facts in this affidavit come from my training and experience, and information obtained from other agents, detectives, analysts, and witnesses.  The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware related to this investigation.

## STATEMENT OF PROBABLE CAUSE

This narcotics and firearms investigation has been ongoing since the fall of 2015. Two of the subjects of this investigation are Devontea Rosemon and Bobby Collins.

COMPLAINT - 8

Rosemon is a multi-time convicted felon who, over the course of several transactions, sold various quantities of cocaine to a confidential informant ("CI"). Collins has been identified as Rosemon's source of supply for all of the cocaine Rosemon sold to the CI. In addition, Rosemon sold one firearm to the CI, and he sold several additional firearms to an ATF undercover agent ("UC").[1]

### A. Narcotics Transactions Involving Rosemon and Collins.

During early 2016, Rosemon sold quantities of cocaine to the CI on four occasions. Collins supplied the cocaine to Rosemon for each of these transactions.

---

[1] I have worked with the CI since April 2013. The CI has prior convictions for Robbery, Theft, Distribution of Controlled Substances, Assault, and Possession of Controlled Substances. These convictions spanned the time period of 1997-2008; since 2008, the CI has not been convicted of any crimes. The CI is providing information to the government in exchange for receiving subsistence funds to cover the CI's expenses while completing actions at the direction of handling agents. The CI has provided information that has been independently corroborated throughout this investigation. The CI has also followed instructions from controlling agents, to include conducting controlled purchases of narcotics, a firearm, and consensually recorded telephone calls and meetings. Based upon the information provided and my interactions and supervision of the CI, I have found the CI to be credible and reliable.

In December 2015, the Laurel (Maryland) Police Department advised the ATF that, according to a confidential source affiliated with the Laurel PD, the CI was involved in the distribution of crack cocaine. Based on the Laurel PD's investigation, search warrants were executed at a residence that the CI was believed to frequent and at another location at which the Laurel PD source purportedly observed the CI engaged in drug trafficking. The search of the first location resulted in the recovery of a small amount of marijuana (approximately 5 grams), one digital scale, and mail bearing the CI's name. The search of the second location resulted in the recovery of a replica handgun, one suspected crack pipe, and one digital scale. No one was arrested as a result of these search warrants and the CI was not encountered by law enforcement during either search. No criminal charges were pursued by the Laurel PD as a result of this investigation. The CI's ATF handling agent spoke to the CI concerning the allegations arising out of the Laurel PD's investigation and the CI relayed the following: (a) the first location is the residence of the CI's paramour, who smokes marijuana recreationally; and (b) the CI did frequent the second location, but the CI denied engaging in any drug trafficking at that place, other than purchasing marijuana for his paramour's personal use. The ATF handling agent advised the CI that the CI must refrain from any illegal activity, and that the ATF would not intervene to assist the CI if the CI were caught engaging in drug trafficking. The CI indicated that he/she understood, and maintained that he/she had not been dealing drugs and had no plans to do so. The ATF handling agent found the CI to be credible, and the CI remains under agreement with the ATF.

COMPLAINT - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

Rosemon used telephone number 206-451-3186 to communicate with the CI prior to and during each of the drug transactions.  During telephone calls and/or text messages using telephone number 206-451-3186, Rosemon negotiated the prices of the transactions and directed the CI where to meet for the transactions.  The phone conversations and meetings between Rosemon and the CI were usually recorded, and standard controlled purchase protocols were used with respect to the handling of the CI prior to and after each transaction.  Moreover, ATF agents were conducting physical surveillance during all of the transactions and were able to positively identify Rosemon and Collins as participants in the transactions.

The first transaction (Count 2) took place on January 14, 2016, at a business called the People's Choice Marketplace, Inc., in Seattle.  According to State of Washington records, Rosemon is registered as the President of this business.  On that date, the CI ordered an ounce of cocaine from Rosemon.  Rosemon placed some phone calls to his cocaine supplier, with phone records showing he called phone number 805-901-7380 (used by Bobby Collins).  Rosemon referred to the person he was talking to as "Bob."  Shortly thereafter, Bobby Collins arrived at the business driving a 1998 black Lexus, with Washington license plate AJU1507.[2]  According to the CI, Collins entered the business and delivered the cocaine to Rosemon, who sold it to the CI.  Rosemon then handed the cash paid by the CI to Collins, who departed the business in the Lexus.  The cocaine was ultimately field tested positive for the presence of cocaine, and had a net weight of 28.9 grams.

The second transaction (Count 3) occurred the following day, on January 15, 2016, again at People's Choice Marketplace.  Both Rosemon and Collins were present for this transaction, and Collins' black Lexus was parked outside of the business.

---

[2] This vehicle is registered to Tracey D. Mitchell, at an address in Federal Way, Washington. Bobby Collins lists this same residence on his driver's license, and according to police reports, Mitchell is Collins' mother.  Collins was regularly seen driving this vehicle on numerous occasions throughout this investigation, in furtherance of his drug trafficking activities.

COMPLAINT - 10

1  During the transaction, Collins handed the CI the cocaine, and the CI paid cash to

2  Rosemon. The cocaine was ultimately field tested positive for the presence of cocaine,

3  and had a net weight of 28.0 grams.

4  The next transaction (Count 4) occurred on March 1, 2016, outside of the

5  People's Choice Marketplace. Rosemon arrived driving a 1992 white Chevrolet

6  Caprice, with Washington State license plate ADM7705.[3] After arriving, Rosemon

7  entered the CI's vehicle and the CI provided Rosemon with cash for the cocaine he had

8  ordered. Shortly thereafter, Bobby Collins arrived in his black Lexus. Rosemon told the

9  CI, "He's here. I'll just grab the change." Rosemon then walked over to Collins' Lexus

10  and entered the front passenger seat. After a few moments, Rosemon and Collins exited

11  the Lexus together and entered the People's Choice Marketplace. Rosemon then exited

12  the business, entered the CI's vehicle, and delivered the cocaine to the CI. At the same

13  time, Collins exited the business and returned to his Lexus. The cocaine was ultimately

14  field tested positive for the presence of cocaine, and had a net weight of 28.6 grams.

15  The last cocaine transaction (Count 6) occurred on March 4, 2016. The CI and

16  Rosemon met at the People's Choice Marketplace. Rosemon again arrived driving his

17  white Chevrolet Caprice. Rosemon entered the CI's vehicle and said he would tell the

18  CI where to drive to meet the supplier. The CI paid Rosemon the money for the cocaine,

19  and then Rosemon placed a phone call and told the supplier to meet him at a nearby 7-11

20  store. The CI then drove to the 7-11 store, with Rosemon in the passenger seat. Shortly

21  thereafter, Rosemon exited the CI's vehicle and entered Collins' black Lexus, which had

22  arrived at the 7-11 store. The CI observed Collins sitting in the driver's seat of the

23  Lexus. Rosemon then departed Collins' Lexus, re-entered the CI's vehicle, and

24  delivered the cocaine to the CI. The cocaine was ultimately field tested positive for the

25  presence of cocaine, and had a net weight of 113.6 grams.

26  _____

27  [3] This vehicle is registered to Michael Escalderon at an address in Vancouver, Washington. Mr. Escalderon is not known to have any connection to this investigation. Rosemon was regularly

28  seen driving this vehicle on numerous occasions throughout this investigation, in furtherance of his drug trafficking activities.

COMPLAINT - 11

B. **Rosemon's Possession of Firearms During the March 1 and 4 Drug Deals.**

During the above-referenced cocaine transaction on March 1, 2016, Rosemon also offered to sell a firearm to the CI. Specifically, Rosemon told the CI, "Man I got a .38 snub nose for you, man." The CI expressed interest in purchasing the firearm, and Rosemon said, "Man we'll talk about that later. I got it right there though, but that's the only one I got." After the cocaine transaction was completed, and while Rosemon and the CI were seated inside the CI's vehicle, the CI asked whether Rosemon would sell him the .38 caliber firearm for $200. Rosemon said he would need at least $300 because "that's all I got right there." The CI agreed to pay $300. Agents conducting surveillance then observed Rosemon exit the CI's vehicle and walk to the passenger side of his white Chevrolet Caprice. Rosemon opened the front passenger door and leaned inside of the vehicle. Rosemon then walked over to another vehicle (a Mercury Marquis) that was parked next to the CI's vehicle. He opened one of the doors and leaned inside of the car. Rosemon then reentered the CI's vehicle. The CI handed Rosemon $300 cash and Rosemon pulled a .38 caliber pistol out of his left jacket pocket. The CI told Rosemon to put the pistol under the passenger seat, where Rosemon was seated. Rosemon stated, "All you gotta do is know your rights." When the CI expressed concern about getting pulled over, Rosemon replied, "They're not even gonna trip with you. This is Washington, baby. I ride around, and I be on DOC with that shit." Rosemon further stated, "I told you, there's really a war going on." At the end of this transaction, the CI provided the firearm to ATF agents and it was identified as a Rossi, Model M685, .38 Special revolver, S/N: D870410, with three .38 caliber cartridges. (Count 5)

Rosemon possessed another firearm during and after the cocaine transaction that took place on March 4, 2016 (described above). Rosemon brandished this firearm in the presence of the CI as the CI and Rosemon were sitting in the CI's vehicle weighing the cocaine immediately after the transaction. At that time, a siren could be heard. According to the CI, and as is consistent with the consensual recording of this incident, upon hearing the siren Rosemon immediately pulled a gun out of his jacket pocket.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Shortly thereafter, Rosemon noticed that the siren came from a fire truck (not a police car). Rosemon laughed and stated, "I ride with mine. I ride with mine." Rosemon then said, "I'm not even trying to go to jail." A few minutes later, the CI asked Rosemon about his firearm. Rosemon told the CI, "I just went and got this. I paid $600 for this." The CI asked if it was a "four five," referring to a .45 caliber pistol. Rosemon replied, "No." The CI then asked whether it was a Ruger. Rosemon confirmed that it was a Ruger and stated it was "legit . . . with the extension on it." Rosemon further commented: "It's gonna get a nigga up off me. . . . I'm a heady. I'm aiming for the head. I ain't trippin' and I'll do it to his head, nigga. I'll run up on him. I ain't worried about that. That's the least of my worries." According to the CI, the firearm Rosemon had in his possession was a black and silver colored Ruger pistol with a magazine that protruded from the bottom of the magazine well.[4] (Counts 7 and 8)

## C. Firearm Transactions between the UC and Rosemon.

Between March and June of 2016, Rosemon sold several firearms and other related items to the UC over several transactions. To arrange each of the transactions, the UC contacted Rosemon at his telephone number of 206-451-3186. During telephone calls and/or text messages using telephone number 206-451-3186, Rosemon negotiated the prices of the transactions and directed the UC where to meet for the transactions. The phone conversations and meetings between Rosemon and the UC were usually recorded, and ATF agents were conducting physical surveillance during all of the transactions.

On March 15, 2016, the UC met with Rosemon in front of the People's Choice Marketplace to negotiate the details of the first firearm transaction. Rosemon arrived driving his white Chevy Caprice vehicle. During this meeting, Rosemon offered to sell the UC his handgun, which he described as a Ruger SR9C 9mm pistol with "an extended clip" (the same Ruger pistol Rosemon possessed in the presence of the CI on March 4,

---

[4] As described below, this same firearm (subsequently identified as a Ruger 9x19mm SR9C pistol, S/N: 33352378) was purchased from Rosemon by the UC agent on March 16, 2016.

COMPLAINT - 13

2016, as described above). When asked by the UC how much money he wanted for the 9mm pistol, Rosemon replied, "It depends. . . . Like, I'm not really into selling them. It gotta be something that, damn near like … you know. I use them though, so I'm not really a saleable person." Rosemon told the UC that he needed to find a replacement gun for himself before selling the gun to the UC. Rosemon explained, "See, before I sell mine, I gotta be able to get, get, I gotta be able to get one again. That's the type of person I am. I gotta sell mine, make a little thing off it and then find one 'cause I gotta… You know?" Rosemon then used his phone to call various associates in an effort to buy another gun to replace the one he would sell to the UC. After making these phone calls, Rosemon agreed to sell the UC the 9mm pistol at a later date.

The next day, on March 16, 2016, the UC and Rosemon met outside of the People's Choice Marketplace. The UC purchased the above-referenced 9mm pistol from Rosemon in exchange for $700 cash. Rosemon arrived at the transaction driving his white Caprice. During the transaction, Rosemon used his smartphone to show the UC photographs of a rifle he also was offering to sell. The UC agreed to purchase the rifle, and they met at a different location several hours later, where the UC paid Rosemon $1,100 cash for the rifle with a high capacity magazine. The firearms were identified as follows: a Ruger 9x19mm SR9C pistol S/N: 33352378, with 11 9mm cartridges;[5] and a Century Arms International 7.62x39 caliber rifle,  S/N:B721054, with 17 7.62x39 caliber cartridges. (Count 9)

On March 23, 2016, the UC met Rosemon at the Federal Way Commons Mall in order to conduct a second firearms transaction. Rosemon arrived at this transaction driving a 2003 black Mercedes C240, with Washington State license plate ABS9026,

---

[5] This Ruger 9x19mm SR9C pistol matches the description of the pistol that Rosemon possessed in the presence of the CI on March 4, 2016. Specifically, it is black and silver in color and the magazine sold with the firearm, once inserted into the magazine well, protruded from the bottom of the well. The CI positively identified this firearm as the gun he observed in Rosemon's possession on March 4, 2016.

COMPLAINT - 14

that he described as his girlfriend's car.[6]  During this transaction, the UC paid Rosemon $650 for a loaded .40 caliber semi-automatic pistol.  The firearm has been identified as a Smith & Wesson, Model SW40VE, .40 caliber pistol, S/N: PDK3567, with 19 .40 caliber hollow-point cartridges.  (Count 10)  Rosemon wiped the firearm down before he handed it to the UC.  When asked by the UC whether the pistol had been used in any shootings, Rosemon answered with words to the effect: "I really don't even be worried about it, we just use them and pass them around to each other.  You feel me?"  Rosemon also told the UC that he also had a "police vest" for sale.

On March 31, 2016, the UC again met Rosemon at the Federal Way Commons Mall, where Rosemon sold the UC a ballistic vest and a .380 caliber semi-automatic pistol in exchange for $1,000 and five cartons of cigarettes.  Rosemon arrived at this transaction driving his white Chevrolet Caprice.  The firearm was identified as a Walther PPK, .380 caliber pistol, S/N: 7901BAP, with four .380 caliber cartridges.  (Count 11)

On April 7, 2016, the UC purchased two more firearms from Rosemon at the Federal Way Commons Mall.  Rosemon arrived at the transaction driving the above-referenced black Mercedes vehicle.  During the transaction, Rosemon sold the UC two loaded 9mm semi-automatic pistols in exchange for $1,700 cash and ten cartons of cigarettes.  During their conversation, Rosemon told the UC that he was storing a magazine for one of the guns at his house.  The purchased firearms were identified as: a Sig Sauer SP2022 9x19mm pistol, S/N: SP0169060, with an extended magazine loaded with 32 9x19mm cartridges;[7] and a Canik55 TP9 9x19mm pistol, S/N: 13AI12479, with 13 9x19mm cartridges. (Count 12)

---

[6] According to the records of the Washington Department of Licensing, the Mercedes is registered to Sarah Christos at an address in Seattle, Washington.  Based on this investigation, I believe Ms. Christos to be Rosemon's girlfriend.  The registered address is also the same address listed on both Christos' and Rosemon's Washington State driver's licenses.

[7] According to the NCIC database, this firearm was reported stolen out of Auburn, Washington in September 2015.

COMPLAINT - 15

1    The last firearms transaction between the UC and Rosemon took place on June 7,

2  2016, at Roxhill Park in Seattle.  The night before, Rosemon spoke to the UC over the

3  telephone and offered to conduct the transaction that night, but stated that he would have

4  to "go home and grab them [the firearms]."  Instead, Rosemon and the UC met the

5  following day for the transaction.  Prior to the transaction, agents were conducting

6  surveillance at Rosemon's apartment, located at 11050 Apt. A-101, 16th Avenue SW,

7  Seattle.  Agents observed Rosemon arrive at the apartment building driving a brown

8  Monte Carlo vehicle.  Rosemon exited the vehicle and walked toward the entrance of his

9  apartment unit A-101.  A few minutes later, Rosemon returned to the vehicle from the

10  vicinity of unit A-101, now carrying a thin grey bag.  A surveillance officer observed

11  that the bag was bulging and appeared to contain an item inside of it.  Rosemon placed

12  the bag in the trunk of the Monte Carlo and then drove away from the apartment

13  building.  Approximately ten minutes later, the UC called Rosemon, and Rosemon told

14  the UC to meet him at Roxhill Park because he has his niece in the car with him.  The

15  UC arrived at the park and met with Rosemon.  Rosemon sold the UC two firearms in

16  exchange for $2,300 and 18 cartons of cigarettes.  The firearms were stored in the trunk

17  of the Monte Carlo vehicle that Rosemon was driving, in a grey bag that matched the

18  bag Rosemon was observed carrying out of his apartment earlier that day.  The firearms

19  were identified as: a Zastava Model PAP M92 PV .762 caliber pistol, S/N:

20  M92PV023610, with 28 .762 cartridges; and a Springfield Armory .45 caliber pistol,

21  Model 1911A1, S/N: WW51955.[8]  (Count 13)

22    Based on my review of the NCIC database and court records from the King

23  County Superior Court, I am aware that Rosemon is a convicted felon who is prohibited

24  from possessing firearms.  Specifically, he has twice been convicted of the felony

25  offense of *Robbery in the First Degree*, as further alleged in the Unlawful Possession of

26  Firearms counts charged in this Complaint.  An ATF agent who is an expert at

27  _____

28  [8] According to the NCIC database, this firearm was reported stolen from a residence in Lake
Stevens, Washington in November 2015.

COMPLAINT - 16

1  conducting interstate nexus reviews has determined that all of the above-referenced

2  firearms purchased by the UC and the CI from Rosemon were manufactured outside of

3  the State of Washington, and therefore have traveled in interstate and/or foreign

4  commerce.

5  ### CONCLUSION

6  Based upon the foregoing and my training and experience, I respectfully submit

7  there is probable cause to believe that Devontea Rosemon and Bobby Collins committed

8  the offenses set forth above in this Complaint.

9

10  _____

11  Deborah Cain
    Special Agent, ATF

12

13

14  Based on the Complaint and Affidavit sworn to before me, and subscribed in my

15  presence this _16th_ day of June 2016, the Court hereby finds that there is probable cause

16  to believe the defendants committed the offenses set forth in the Complaint.

17

18  _____

19  James P. Donohue
    United States Magistrate Judge

20

21

22

23

24

25

26

27

28

COMPLAINT - 17

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970